And we'll move to the last case of the day. This will be case number 17-3476, Shipman v. United States. We'll hear first from Mr. Tice. Thank you, Your Honor. May it please the court. This appeal raises a very narrow legal issue, namely whether Arkansas burglary, as it existed before 1993, was generic burglary. And the answer to that is no, that it is not. Now, the district court in this case did not really resolve that legal issue because the district court went off on procedural issues that cross, this court and cross, ultimately resolved. And this case was hanging around for a long time. And rather than saying to you, remand immediately so Judge Reinhart can decide the legal issue, it seemed best to bring the legal issue here because ultimately that's where it gets decided. The Arkansas pre-1993 statute is clearly an indivisible offense. And so that means we do our categorical analysis. And the way the statute existed then was it lumped together all burglaries, including burglaries of automobiles and including burglaries of residences as well as burglaries of businesses. And that's a pretty straightforward application of Mathis. It's indivisible under Mathis. And the long line of cases, starting with Taylor, say that it's not generic burglary because it applies to vehicles as well as non-vehicles. The Supreme Court recently decided the Stitt case, which is actually two cases, Stitt and Sims, and one of the statutes involved in that case was the newer Arkansas burglary statute. But that really doesn't guide us here because the new statute is very careful to set up separate offenses with separate punishments. And even then, the Supreme Court remanded Sims, which is the Arkansas part of the case, back to the Eighth Circuit. I wouldn't even venture to say what the Eighth Circuit is going to say about the new statute, but we don't need to worry about that. We, for better or for worse, are required to deal with the old statute. And the old statute points clearly in the direction that this is not generic burglary. Now, I realize that this may seem terribly arcane because we're talking about Arkansas pre-1993. And I would invite Your Honor's attention to something that is in the reply brief, namely that the district court in Arkansas, based on the concessions of the government, decided that the pre-1993 statute was not generic burglary. Now, obviously, you're not bound by what a district court has to say. But here we've got Arkansas judges, Arkansas lawyers. It's pretty clear to them. They came to the same conclusion that I'm asking Your Honors to come to. Moving to the issue of the 4B1.2, crime and violence. Yes. The clause under which these might fall could be elements clause, enumerated offenses clause, residual clause. The pre-sentence investigation report does not indicate which clause this particular issue is falling under, does it? I don't believe that it does. And that comes, that leads us into the second part of the appeal. You know, what is the standard of review? Now, the government says, well, you know, maybe there's a good argument here, but under plain air, it's not airtight, and therefore, you don't get relief. But this case, since it's a post-conviction case, does not get analyzed under the plain air standard. That is certainly appropriate when we're talking about direct appeals. But when you're talking about post-conviction relief, the standard is cause and prejudice. And that's what Cross dealt with. And remarkably enough, the government doesn't really seem to acknowledge the Cross. Decided that they want to take Your Honors down the road of plain air, and that's not the right road. It's sort of like talking to someone that you should be talking to in Spanish, and instead you use Portuguese. Similar, but different. And under cause and prejudice, Mr. Shipman is entitled to relief. He's certainly prejudiced with the career offender designation. He moved from what would normally be criminal history category five into six. So it upped his sentence, and remember, he was sentenced pre-Booker, so mandatory guidelines. He puts him at a much higher level. And certainly, when he was sentenced back in, I forget now, it was like 2003, a long time ago. He could have, I suppose, made the argument, all this Arkansas burglary is not generic burglary, but the answer would have been obvious. Well, we've got the residual cost. And under the laws that existed at that time, there was no way, nowhere that he could go. And that is the reality that Cross recognized. Cross is exactly on point for this case. The Cross has decided everything in this case, except for what is Arkansas burglary. And that's the issue for this court to decide in this case. And if you look at what Arkansas judges and lawyers have had to say, you get a pretty straightforward answer. I'll save the rest of my time for you both. Thank you, Mr. Tice. We'll now hear from the government, Ms. Bonamici. Yeah, please, the court. Good afternoon. The district court correctly dismissed the 2255 motion in this case because the motion was both untimely and based on claims that were procedurally defaulted, beginning first with the timeliness issue. This case was, this claim was untimely in that, particularly because the defendant could not rely, as he attempted to do, on Johnson to make his claim. The defendant here pleaded guilty and admitted that he qualified as a career offender, that his Arkansas burglaries qualified as violent crimes under the career offender provision, and that his Arkansas burglaries were residential burglaries. So those admissions are in the record. The PSR, your honor is correct, does not distinguish the particular clause that was used to qualify the defendant. It also doesn't identify the particular statute under which he was convicted. It refers to all of the convictions, or both of the convictions, as residential burglaries. And the defendant never raised an argument or a claim about that point or any of the other points related to his qualification as a career offender. So what that means is that the defendant has not presented the court with any evidence pursuant to which the court could determine that the residual clause was ever in play, and therefore was ever or is now in play. And as your honor noted, it would appear that the natural fit for this particular claim was the enumerated offense clause. And there's no reason to believe that that is not the clause that was applied in that case. In Stanley, this court discussed this issue of which clause, whether a claim that appears to be based on a clause other than the residual clause is a claim that can be made under Johnson. Stanley held no, it cannot. And Stanley pointed out that the Supreme Court had expressly stated that its decision in Johnson had no effect on cases involving career offenders based on the other clauses, the enumerated offense clause or the elements clause, and expressly held that those cases could not be brought under Johnson. The defendant claims that Cross essentially overruled. Essentially, his claim is that Cross overrules Stanley altogether, but that isn't the case. In discussing Stanley, what the court in Cross said was that they discussed this problem of the possibility of conflating the merits decision together with the procedural question of timeliness. And first of all, that problem is, I think, fairly obviously limited. Because we would all agree that a mere incantation of the name Johnson in a completely unrelated case would not make the claim be one that was asserted under Johnson. But there's no conflation here. Because the claims based on the meaning of the enumerated offense clause are completely distinct from claims based on a residual clause that was upended in Johnson. And there's no way of looking at this particular claim that brings you to the point where the residual clause comes into play. And that point also supports the procedural default argument that the government has made and not waived as the defendant in Cross did. And the way that we look at procedural default here is that comparing it to the defendant in Davis, where the procedural default claim was not waived, and so the court did analyze it. Davis's robbery conviction qualified as a predicate under the elements clause of the career offender provision. Both parties agreed to that at the time of sentencing. But after Curtis Johnson, Davis's conviction no longer qualified. So by the time of Samuel Johnson, when Samuel Johnson gets rid of the residual clause, that is the beginning of the defendant's clause, or defendant's claim, the court notes that the defendant had no claim before Johnson because those facts were true. Compare that to this case. In this case, the defendant's conviction was or was not a qualifying predicate at the time of the sentencing and now on the same, based on the same analysis. Because defendant's claim here exists, if it exists at all, based on the Supreme Court's decision in Taylor and or the Supreme Court's decision in Shepherd. Both cases that predated his sentencing by a fairly long period. So the claims that he tries to make here, which we understand to be the primary claim, is that his burglary conviction does not qualify as a generic burglary. That is a claim that can be made under more recent cases of Mathis. But the Supreme Court in Mathis made clear that it was not stating a new law or a new rule, that its decision flowed naturally from its earlier decisions dating back to Taylor. So we can see that this case is completely different from the case that's involved in Cross, where the procedural, the attack on the residual clause in Johnson actually has significance to the defendant and can be said to be the basis of the claim as a matter of fact, regardless of what the district court did or did not say with respect to which clause it was relying on at the time of sentencing. Here, we don't have any information suggesting that the district court was relying on any clause other than the enumerated offense clause, which is the most natural fit. And actually, I think it's pretty clear that that's what the court would have relied on, given the PSR's repeated references to the crime as a residential burglary, which, of course, matches the language of the career offender statute, which requires a burglary of a residence or a dwelling. And so that's a perfect fit there. And there's no reason, and the defendant offers no reason, to believe that the court ruled on any other basis. And time has not provided another basis for determining that this is a claim that is based on Johnson. Therefore, the defendant's claim is untimely and procedurally defaulted, and the district court did not err in dismissing the claim on the timeliness basis, although we acknowledge that the court's specific timeliness analysis is not necessarily consistent with Ross. Thank you, Ms. Bonamici. Thank you so much. Mr. Teichman-Butler? We ask that you affirm. Very good. Thank you. Mr. Teichman-Butler? First of all, there's a couple of factual matters. The government tries to make much of the fact that 15 years or so ago, Mr. Shipman agreed he was convicted of residential burglary, and that the PSR referred to this as residential burglary. What a lay person has to say doesn't count. And the PSR, I don't know where they came up with that, because when you look at the actual Arkansas judgments, which are in the record, it's at record number 6-3, the only offenses that he's charged with are burglary. And the judgment of conviction in those cases says burglary. It does not say residential burglary, which makes perfect sense, because an Arkansas judge in 1986 or 1987 would know there is no offense of residential burglary. It's burglary. Now maybe I, as the Arkansas judge, know the facts of the case, but in terms of what's the defendant convicted of, what do I sentence him for, and what was he charged with, it's burglary, pure and simple. That's it. So I think we have to put to one side any sort of effort to focus on what Mr. Shipman thought, or what the probation officer thought. And then the other question that I'd like to speak to, it seems to me the government has taken a very strange position on cross. I read their brief on the timeliness issue, and I thought, wow, they sure took a long time to agree that you're right. And now this morning, for a long time, I thought they were telling you you were wrong, but I think now they're finally telling you you're right on the timeliness issue. And it seems like the only thing they're disagreeing with cross on is whether or not there was cause and prejudice. And this court was pretty clear in cross, and it did not overrule Stanley, pretty clear in cross that when you have a defendant like this, they meet the requirements of cause and prejudice. And in fact, just yesterday, it was like about 4 o'clock in the afternoon, they didn't have time to draft a 28-J letter. This court decided another published opinion, D'Antoni, and I will submit a 28-J letter later today, which reaffirms cross and does not give any sway to Stanley. In these cases, and there's not a lot of them at this point, we've got people who are sentenced, and at the time they're sentenced, the government's got a belt and suspenders. It can either be an enumerated offense or an elements offense. That's the belt, and then the suspenders is the residual clause. And regardless of when you get rid of the belt, it's only when you get rid of the suspenders that the defendant has got a chance of getting any sort of relief. And that's why this case is timely, and that's why in this case, the defendant was able to establish cause and prejudice. Thank you. Thank you, Mr. Tice. The case will be taken under advisement. That completes our work for the day, and this court will stand in recess.